IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| VALLEYVIEW CHURCH OF THE NAZARENE, | § § § | |
| Plaintiff, | § § | |
| v. | § | 2:20-CV-222-Z-BR |
| CHURCH MUTUAL INSURANCE COMPANY, | § § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Church Mutual Insurance Company's ("Defendant") Motion for Summary Judgment ("Motion") (ECF No. 46), filed on March 14, 2022. Having considered the Motion and relevant law, the Court **DENIES** the Motion.

The Court notes both Plaintiff Valleyview Church of the Nazarene ("Plaintiff") and Defendant violated Northern District of Texas Local Rule 7.2 in briefing the Court in excess of permitted page limits. *See* N.D. Tex. L.R. 7.2 ("[A] brief must *not exceed 25 pages* (excluding the table of contents and table of authorities). A reply brief *must not exceed 10 pages*." (emphasis added)). Defendant's Brief in Support of its Motion is 29 pages, not including the signature page or certificate of service page. *See* ECF No. 47. Plaintiff's Response Brief is 40 pages, not including the signature page or certificate of service page. *See* ECF No. 55. Defendant's Reply Brief is 17 pages, not including the signature page or certificate of service page. *See* ECF No. 59. These page counts also omit materials exempted by Local Rule 7.2. The Court instructs Plaintiff and Defendant to abide by the page limits set forth in Local Rule 7.2 in applicable future filings.

**BACKGROUND**

Plaintiff owns a church in Amarillo, Texas. ECF No. 19 at 1. Defendant insures Plaintiff for property damage caused by wind and hail. *Id.* at 2. Plaintiff's insurance policy "exclude[s] cosmetic damage to roof surfaces, wear and tear, deterioration, continuous leakage or seepage, or faulty/inadequate construction, maintenance [and] repairs." ECF No. 47 at 7.

On March 13, 2019, a hailstorm struck Plaintiff's property, which contains various types of roofing, siding, and other exterior fixtures. *Id.* at 8–9. On March 25, 2019, Plaintiff submitted a claim for wind and hail damage to the property caused by the storm. *Id.* Defendant retained Blakely Kincanon, an independent adjuster with ICA LP, to conduct a field adjustment of Plaintiff's property. *Id.* at 9. Kincanon inspected Plaintiff's property on April 3, 2019, and found cosmetic hail damage to the metal roofing as well as limited wind damage to the carport and stucco siding of the property. *Id.* Defendant also retained Dayong Huang, an engineer with Rimkus Consulting Group, to evaluate any damage to the property. *Id.* On April 22, 2019, Huang inspected the property. *Id.* Huang identified only cosmetic damage to the metal roof and concluded the damage "had not affected the water shedding capabilities or the long-term serviceability of the roof." *Id.* Rimkus did not identify hail damage to the modified bitumen roofing. *Id.* As for the siding, Huang identified wind damage to a stucco panel and the carport. *Id.* Huang concluded age-related wear and tear or deterioration caused any remaining damage. *Id.*

Defendant estimated wind and hail caused $988.17 in damage to Plaintiff's property. *Id.* Defendant determined Plaintiff's policy excluded all other damage identified. *Id.* at 10; *see also* ECF No. 56-2 at 2–5. Defendant partially denied the claim and did not issue a check to Plaintiff because the covered damage fell below Plaintiff's $2,500 deductible. ECF No. 47 at 10.

On or about March 27, 2019, or April 30, 2019,[1] another storm struck Plaintiff's property. *Id.* On July 6, 2019, Plaintiff submitted a second claim for hail and wind damage. *Id.* Defendant retained Steve Buettner of Panhandle Claims Service to conduct a field adjustment of Plaintiff's property. *Id.* Buettner inspected Plaintiff's property on July 11, 2019. *Id.* Buettner reported interior water damage to suspending ceiling panels. *Id.* As for the exterior, he identified cosmetic hail damage to the metal roof sections of the property. *Id.* Regarding the modified bitumen roofing, Buettner noted significant granule loss resulting in wear and tear. Buettner — however — did not find wind or hail damage that would have contributed to the interior water damage. *Id.* Buettner also found wear and tear of the exterior as well as "some minor repairable hail damage to the HVAC and condensing units." *Id.*

Defendant retained Luis Espino of Rimkus Consulting Group to further inspect Plaintiff's property. *Id.* at 11. On August 7, 2019, Espino inspected the property. *Id.* Espino reported hail caused cosmetic — but not functional — damage to the property. *Id.* Espino also determined foot traffic caused damaged the property's metal roofing. *Id.* Espino found wind-driven rain caused interior damage by water infiltration through deteriorated sealants, deteriorated wall flashings, and rooftop vent penetrations. *Id.* As for the exterior damage, Defendant denied Plaintiff's second claim by relying on policy exclusions for cosmetic damage, wear and tear, deterioration, continuous or repeated seepage or leakage, and faulty workmanship, construction, or maintenance. *Id.* Defendant denied coverage for the interior damage based on policy exclusions for interior water damage unless the building first sustained covered damage to the roof or walls. *Id.*

---

[1] Plaintiff's Complaint does not allege a date of loss. *See generally* ECF No. 19. Plaintiff's Complaint — however — states, "Defendant assigned the claim, claim number 1388709." *Id.* at 3. According to Defendant's denial, claim number 1388709 relates to a March 27, 2019 date of loss. ECF No. 56-2 at 2. Defendant's Motion states the date of loss at issue is "March 27, 2019 and/or April 30, 2019." ECF No. 47 at 7. But Plaintiff's Response to the Motion does not allege a March 27, 2019 date of loss. *See generally* ECF No. 55. Instead, the Response lists an April 30, 2019 date of loss.

On August 28, 2020, Plaintiff sued Defendant. Plaintiff alleges breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act ("DTPA"), and breach of the duty of good faith and fair dealing. ECF No. 19 at 3–7. Plaintiff only sues for damages caused by the March 27, 2019 storm or April 30, 2019 storm. *See generally id.* Defendant moved for summary judgment on several grounds. First, Defendant alleges Plaintiff fails to establish causation for its breach-of-contract claim. ECF No. 47 at 16–29. Second, Defendant asserts Plaintiff's various extracontractual claims fail. *Id.* at 29–34. And third, Defendant argues the Court should strike Plaintiff's alleged damages related to COVID-19 decontamination costs. *Id.* at 34–35.

### LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if its existence or non-existence "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). "[T]he substantive law will identify which facts are material." *Id.* at 248. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant must inform the court of the basis of the motion and show from the record that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

When reviewing summary-judgment evidence, the court must resolve all reasonable doubts and draw all reasonable inferences in the light most favorable to the non-movant. *Walker v. Sears,*

*Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). A court cannot make a credibility determination when considering conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. If some evidence supports a disputed allegation, so that "reasonable minds could differ as to the import of the evidence," the court must deny the motion. *Id.* at 250.

ANALYSIS

Defendant moves for summary judgment on each of Plaintiff's claims. The Court addresses Plaintiff's claims in turn.

**A. Plaintiff's Breach-of-Contract Claim**

A "breach of contract" occurs when a party fails to perform an act it has promised to perform. *Gaspar v. Lawnpro, Inc.*, 372 S.W.3d 754, 757 (Tex. App.—Dallas 2012, no pet.).[2] A breach-of-contract claim has four elements under Texas law: "(1) the existence of a valid contract between plaintiff and defendant; (2) the plaintiff's performance or tender of performance; (3) the defendant's breach of the contract; and (4) the plaintiff's damage as a result of the breach." *Id.*

In Texas, special rules accompany insurance contracts. Courts must construe insurance policies "using ordinary rules of contract interpretation." *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017). Thus, an insurance policy is "interpreted as a whole in accordance with the plain meaning of its terms." *Great Am. Ins. Co. v. Primo*, 512 S.W.3d 890, 892 (Tex. 2017). When policy language is "clear and definite," the policy "is not ambiguous and will be construed as a matter of law." *Id.* at 893.

---

[2] This suit arose under the Court's diversity jurisdiction. Therefore, Texas substantive law governs. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Because Texas substantive law governs, the Court is "bound by the decisions of the Supreme Court of Texas." *DeJoria v. Maghreb Petro. Expl., S.A.*, 935 F.3d 381, 387 (5th Cir. 2019). As for the Texas Courts of Appeals, the United States Supreme Court has held that while the decrees of "lower state courts" should be "attributed some weight," their decisions are not controlling where the Texas Supreme Court has not spoken on the point. *King v. Order of Travelers*, 333 U.S. 153, 160–161 (1948); *see also Comm'r v. Estate of Bosch*, 387 U.S. 456, 465 (1967) (same). "[A]n intermediate appellate state court . . . is datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *West v. A. T. & T. Co.*, 311 U.S. 223, 237 (1940).

"Initially, the insured has the burden of establishing coverage under the terms of the policy." *JAW The Pointe, L.L.C. v. Lexington Co.*, 460 S.W.3d 597, 603 (Tex. 2015) (quoting *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 782 (Tex. 2008)). If the insured establishes coverage, it is then the insurer's "burden to plead and prove that the loss falls within an exclusion to the policy's coverage." *Id.*[3] "If the insurer proves that an exclusion applies, the burden shifts back to the insured to show that an exception to the exclusion brings the claim back within coverage." *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010).

Texas also recognizes the concurrent-causation doctrine. Under the concurrent-causation doctrine, "when 'excluded and covered events combine to cause' a loss and 'the two causes cannot be separated,' concurrent causation exits and 'the exclusion is triggered' such that the insurer has no duty to provide the requested coverage." *Jaw The Pointe*, 460 S.W.3d at 608 (quoting *Utica Nat'l Ins. Co. of Tex. v. Am. Indem. Co.*, 141 S.W.3d 198, 204 (Tex. 2004)). It is the insured's burden to segregate damages only attributable to the covered peril. *Walls v. U.S. Auto Ass'n*, 2 S.W.3d 300, 303 (Tex. App.—San Antonio 1999, pet. denied).

The Court finds an issue of material fact exists as to whether the March 27, 2019 storm or April 30, 2019 storm caused functional damage to Plaintiff's property. Both parties concede a material fact issue exists. *See* ECF No. 55 at 21 ("At minimum, there are material fact issues as to whether the April 30 2019 [storm] caused the damage Plaintiff identified as requiring a full roof

---

[3] *See* TEX. INS. CODE § 554.002 ("In a suit to recover under an insurance . . . contract, the insurer . . . has the burden of proof as to any avoidance or affirmative defense that the Texas Rules of Civil Procedure require to be affirmatively pleaded. Language of exclusion in the contract . . . constitutes an avoidance or an affirmative defense."); TEX. R. CIV. P. 94 ("Whether the suit is on an insurance contract which insures against certain general hazards, but contains other provisions limiting such general liability, the party suing on such contract shall never be required to allege that the loss was not due to a risk or cause coming within any of the exceptions specified in the contract, nor shall the insurer be allowed to raise such issue unless it shall specifically allege that the loss was due to a risk or cause coming within a particular exception to the general liability . . . .").

replacement."); ECF No. 59 at 6 ("[T]his comparison arguably proves a fact issue regarding whether some hail damage occurred on or about April 30, 2019 . . . . In fact, Church Mutual concedes that there is certainly conflicting factual and expert evidence that, if believed, would be sufficient to defeat summary judgment . . . .").

Some fact issues exist because Plaintiff and Defendant cannot agree on the extent of hail damage; that is, whether hail caused functional or cosmetic damage. Other fact issues exist because Defendant contradicts itself, and parties have been unclear in their, at times, cursory pleadings. Parties often fail to notice or ignore these fact issues in their pleadings. In doing so, Plaintiff and Defendant provide the Court little — if any — help in deciding the Motion.

For instance, Defendant presents a handful of images of Plaintiff's property and concludes the images show "wear and tear, deterioration, and historical repairs/patching to the roofs at the Property." ECF No. 47 at 19–21. Defendant routinely fails to explain what exactly the images of alleged exterior and interior damage purport to show. Some of the damage, Defendant argues, was present before the inception of Plaintiff's policy. *Id.* at 21–22. Other damage, Defendant asserts, was present before the April 30, 2019 storm. *See id.* at 22–23 ("Plaintiff originally submitted a claim on March 25, 2019" and Defendant had the property inspected on April 22, 2019, "eight days *prior* to the currently alleged date of loss."). Yet Defendant itself acknowledges "[t]his dispute involves a claim for damage . . . allegedly caused by hail and wind on or about March 27, 2019 and/or April 30, 2019." *Id.* at 7; *see also* ECF No. 56-2 at 2 (stating March 27, 2019 date of loss in claim-denial letter sent by Defendant). If the March 27, 2019 storm damaged Plaintiff's property, then the damage would be present during the April 22, 2019 inspection. So, in effect, Defendant defeats its own prior-date-of-loss argument.

Plaintiff is no better. Plaintiff lists no date of loss in its Complaint. *See generally* ECF No. 19. In fact, Plaintiff details little in the 245 words comprising the "factual background" of its Complaint. *See id.* at 2–3. Plaintiff does — however — allege its claim arises from Defendant's denial of claim number 1388709. *Id.* at 3. Defendant's denial letter lists a March 27, 2019 date of loss. ECF No. 52-2 at 2. But Plaintiff ignores Defendant's concession that the March 27, 2019 storm could have caused the property damage for which Plaintiff sues. *See generally* ECF No. 55. Plaintiff argues the April 30, 2019 storm damaged the property. *See id.* at 11 (stating "none of the roofs at issue were functionally damaged by hail prior [to] April 22, 2019" (emphasis removed)). Not once does Plaintiff address the March 27, 2019 date despite mention of it in Defendant's Motion and claim-denial letter.

And if the lack of coherent briefing were not enough, Defendant abandons much of the initial argument on which its Motion relies, asking the Court to focus on concurrent causation instead. *See* ECF No. 59 at 6 ("In fact, Church Mutual concedes that there is certainly conflicting factual and expert evidence that, if believed, would be sufficient to defeat summary judgment on those grounds. The issue is, instead, one of concurrent causation.").

"The doctrine of concurrent causation provides that when covered and non-covered events under an insurance policy combine to create a loss, the insured may only recover the portion of the damage caused by the covered event." *Hosp. Operations v. Amguard Ins. Co.*, No. 1:19-CV-482-MJT, 2021 U.S. Dist. LEXIS 125832, at *12 (E.D. Tex. Apr. 29, 2021); *see also Seahawk Liquidating Tr. v. Certain Underwriters at Lloyds London*, 810 F.3d 986, 994 (5th Cir. 2016) (same); *Wallis v. United Services Auto Ass'n*, 2 S.W.3d 300, 303 (Tex. App.—San Antonio 1999, pet. denied) (explaining concurrent causation: "when covered and non-covered perils combine to create a loss, the insured is entitled to recover only the portion of the damage caused solely by the

covered peril"). If concurrent causation exists, "the insured must present some evidence affording the jury a reasonable basis on which to allocate damages." *Lyons v. Millers Cas. Ins. Co. of Tex.*, 866 S.W.2d 597, 601 (Tex. 1993). Evidence of damage need not be "overwhelming." *Fiess v. State Farm Lloyds*, 392 F.3d 802, 808 (5th Cir. 2004). And the evidence need not "flawlessly segregate" covered losses from non-covered losses. *Id.*

As discussed, Defendant argues the policy does not cover or excludes Plaintiff's claimed damages. Defendant therefore argues Plaintiff's failure to segregate covered and non-covered damages defeats the breach-of-contract claim. ECF No. 44 at 26–29. Plaintiff argues segregation is unnecessary because all claimed damages are covered losses resulting from covered causes. ECF No. 55 at 25–28. But how can the Court evaluate parties' concurrent-causation arguments if causation remains at issue? The Court cannot evaluate concurrent-causation arguments if the Court cannot determine what damage is excluded and what damage is covered under the policy. At a minimum, a material fact issue exists regarding whether the policy covers Plaintiff's damages. Parties acknowledge this fact issue. *Id.* at 21; ECF No. 59 at 6. Plaintiff need not segregate damages if — for instance — hail alone caused all itemized damages to the property. *Southland Lloyds Ins. Co. v. Cantu*, 399 S.W.3d 558, 576 (Tex. App.—San Antonio 2011, pet. denied). The Court therefore finds summary judgment is improper on concurrent-causation grounds. *See Laird v. CMI Lloyds*, 261 S.W.3d 322, 332 (Tex. App.—Texarkana 2008, pet. dism'd w.o.j.) (denying summary judgment when parties' evidence did not clearly establish nature of property damage); *Carter Tool Co. v. United Fire & Cas. Co.*, No. MO:18-CV-163-DC, 2019 WL 7759499, at *4 (W.D. Tex. Nov. 7, 2019) (denying summary judgment and finding material fact issue on concurrent causation); *cf. Ironwood Bldg. II, Ltd. v. AXIS Surplus Ins. Co.*, No. SA-19-CV-00368-XR, 2020

WL 1234641, at *4 (W.D. Tex. Mar. 13, 2020) (denying summary judgment and finding "a genuine dispute as to whether there [were] two concurrent or independent causes").[4]

For the reasons stated above, the Court **DENIES** the Motion as to Plaintiff's breach-of-contract claim.

### B. Plaintiff's Extracontractual Claims

Plaintiff asserts various extracontractual claims against Defendant, including violations of the DTPA, Insurance Code, and breach of the common-law duty of good faith and fair dealing. ECF No. 19 at 3–7.

Texas recognizes "two paths an insured may take" to establish an insurer caused statutory damages: (1) "a right to receive benefits under the policy" or (2) "an injury independent of a right to benefits." *In re State Farm Mut. Auto. Ins. Co.*, 629 S.W.3d 866, 872 (Tex. 2021) (orig. proceeding); *USAA Tex. Lloyds v. Menchaca*, 545 S.W.3d 479, 500 (Tex. 2018). "Under the first path, if an insured 'establishes a right to receive benefits under the insurance policy [it] can recover those benefits as actual damages under [statute] if the insurer's statutory violation causes the loss of benefits.'" *In re State Farm. Mut. Auto. Ins. Co.*, 629 S.W.3d at 873 (quoting *Menchaca*, 545 S.W.3d at 495).

---

[4] This case appears like *Frymire Home Servs. v. Ohio Sec. Ins. Co.*, which certified a question to the Texas Supreme Court. 12 F.4th 467 (5th Cir. 2021). The Fifth Circuit asked three questions. First, "[w]hether the concurrent cause doctrine applies where there is any non-covered damage, including 'wear and tear' to an insured property, but such damage does not directly cause the particular loss eventually experienced by plaintiffs." *Id.* at 472. Second, "[i]f so, whether plaintiffs alleging that their loss was entirely caused by a single, covered peril bear the burden of attributing losses between that peril and other, non-covered or excluded perils that plaintiffs contend did not cause the particular loss." *Id.* And third, "[i]f so, whether plaintiffs can meet that burden with evidence indicating that the covered peril caused the entirety of the loss (that is, by implicitly attributing one hundred percent of the loss to the peril)." *Id.* The Texas Supreme Court dismissed the case with prejudice pursuant to a settlement agreement. *See* 2021 Tex. LEXIS 1127 (Tex. Dec. 3, 2021). Because a material fact issue exists regarding causation and the Court does not decide whether alleged "non-covered damage . . . *directly cause*[*d*] the particular loss eventually experienced by plaintiffs," the Court cannot decide the concurrent-causation question. 12 F.4th at 472 (emphasis added). The Court notes that, although Defendant mentions *Frymire*, Defendant fails to mention the Fifth Circuit's certified question or the Texas Supreme Court's dismissal of the question. *See* ECF No. 47 at 28–29; ECF No. 59 at 17–18. Plaintiff failed to address the case altogether. *See generally* ECF No. 55.

"[T]o the extent the policy affords coverage, extra-contractual claims remain viable." *State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010). As discussed, the Court cannot determine whether there is coverage under Plaintiff's policy based on the documents before the Court. And because the coverage question remains unsettled, the Court cannot resolve Plaintiff's extracontractual claims.[5] *See Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 55 (Tex. 1977); *Hosp. Operations*, 2021 U.S. Dist. LEXIS 125832, at *16 (noting extracontractual claims survive summary judgment if coverage exists). As a result, the Court **DENIES** summary judgment on Plaintiff's extracontractual claims.

### C. Plaintiff's Alleged COVID-19 Damages

Defendant argues, "if Valleyview's breach-of-contract claim survives the forgoing legal scrutiny, Valleyview's claimed damages are overstated." ECF No. 47 at 34. Specifically, Defendant claims Plaintiff's $250,000 COVID-19 protection and decontamination costs estimate is unreasonable. *Id.* Defendant asks the Court to strike the $250,00 estimate and reduce the estimate accordingly. *Id.* at 35. Defendant only cursorily address the proper amount of damages. *See id.* at 34–35; ECF No. 59 at 20. And Plaintiff and Defendant dispute the proper amount of damages. Because the Court finds there is a material fact issue as to causation and the proper amount of damages, the Court **DENIES** summary judgment on this issue. *See Widener v. Arco Oil & Gas Co., Div. of Atl. Richfield Co.*, 717 F. Supp. 1211, 1217–18 (N.D. Tex. 1989).

---

[5] Without identifying a part of Plaintiff's pleading, Defendant argues: "To the extent Plaintiff claims Church Mutual acted in bad faith because it failed to insure Plaintiff's interest as requested, that cause of action is simply not supported by case law." Although Texas law recognizes a duty of good faith and fair dealing in handling insurance claims, Texas law does not recognize such a duty in the underwriting phase of an insurance transaction. *Commonwealth Lloyds Ins. Co. v. Downs*, 853 S.W.2d 104, 118–19 (Tex. App.—Fort Worth 1993, writ denied). Plaintiff brings claims for breach-of-contract, violations of the Insurance Code and DTPA, and breach of the duty of good faith and fair dealing. *See generally* ECF No. 19. It is not clear what portion of Plaintiff's Complaint that Defendant specifically references.

CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion.

**SO ORDERED**.

May 9, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE