IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| VALLEYVIEW CHURCH OF THE NAZARENE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:20-CV-222-Z-BR |
| CHURCH MUTUAL INSURANCE COMPANY, | § § § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Church Mutual Insurance Company's ("Defendant") Motion for Clarification or Reconsideration of the Court's Summary Judgment Order ("Motion") (ECF No. 69), filed on June 6, 2022. Having considered the Motion, pleadings, and relevant law, the Court **GRANTS** the Motion **IN PART** and clarifies the basis for its ruling on Defendant's Motion for Summary Judgment. The Court's clarification does not alter, amend, or change any part of the Court's previous ruling (ECF No. 63). The Court **DENIES** all other requested relief. The Court **ORDERS** parties to file briefing consistent with this Opinion and Order.

BACKGROUND

Parties dispute whether the church roofs located at Plaintiff's property require replacement for damage caused by March 27, 2019 or April 30, 2019 hailstorms.[1] *See generally* ECF No. 19.

---

[1] Plaintiff's Complaint does not allege a date of loss. *See generally* ECF No. 19. Plaintiff's Complaint — however — states, "Defendant assigned the claim, claim number 1388709." *Id.* at 3. According to Defendant's denial letter, claim number 1388709 relates to a March 27, 2019 date of loss. ECF No. 56-2 at 2. Defendant's Motion for Summary Judgment states the date of loss at issue is "March 27, 2019 and/or April 30, 2019." ECF No. 47 at 7. But Plaintiff's Response to the Motion does not allege a March 27, 2019 date of loss. *See generally* ECF No. 55. Instead, the Response lists an April 30, 2019 date of loss. In the Motion before the Court, Defendant again alleges a "March 27, 2019 and/or April 30, 2019" date of loss. ECF No. 69 at 7. Plaintiff's Response again alleges an April 30, 2019 date of loss. *See* ECF No. 75 at 2.

Plaintiff argues they do. Defendant argues they do not. Because Defendant denied Plaintiff's roof-related insurance claim, Plaintiff sued Defendant for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and breach of the duty of good faith and fair dealing. ECF No. 19 at 3–7.

Defendant moved for summary judgment on all of Plaintiff's claims. *See generally* ECF Nos. 46, 47. The Court denied summary judgment, finding a genuine issue of material fact exists. *See* ECF No. 63 at 6. Defendant now moves the Court to clarify or reconsider its summary-judgment ruling, arguing the Court misunderstood the basis for Defendant's Motion for Summary Judgment and misapplied the legal doctrine of concurrent causation. *See* ECF No. 69 at 10.

LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if its existence or non-existence "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he substantive law will identify which facts are material." *Id.* A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant must inform the court of the basis of the motion and show from the record that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

When reviewing summary-judgment evidence, the court must resolve all reasonable doubts and draw all reasonable inferences in the light most favorable to the non-movant. *Walker v. Sears,*

*Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). A court cannot make a credibility determination when considering conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. If some evidence supports a disputed allegation, so that "reasonable minds could differ as to the import of the evidence," the court must deny the motion. *Id.* at 250.

The Federal Rules of Civil Procedure do not officially provide for a motion for reconsideration. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004); *see also Wi-Lan, Inc. v. Acer, Inc.*, Nos. 2:07-CV-473-TJW-CE, 2:07-CV-474-TJW-CE, 2010 WL 5559546, at *2 n.1 (E.D. Tex. Dec. 30, 2010) ("[S]ome courts have resolved a motion for clarification under the same standard as a motion for reconsideration."). A request to reconsider an interlocutory order — such as an order denying summary judgment — has been construed to fall under Federal Rule of Civil Procedure 54(b). *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc) ("[B]ecause the denial of a motion for summary judgment is an interlocutory order, the trial court is free to reconsider and reverse its decision for any reason it deems sufficient . . . ."). Rule 54(b) states: "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims."

"Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court." *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009). "[C]onsiderations similar to those under Rule 59 and 60 inform the Court's analysis." *Id.* "The Court's discretion to reconsider its interlocutory ruling is not limited by the heightened standards of other rules

governing reconsideration of final orders . . . ." *Butler v. Collins*, No. 3:18-CV-00037-E, 2022 WL 717278, at *1 (N.D. Tex. Mar. 9, 2022).

ANALYSIS

Defendant criticizes the Court for "bas[ing] its ruling upon a misunderstanding of the factual basis for the summary judgment requested by Church Mutual." ECF No. 69 at 5. Defendant argues the basis for the Motion for Summary Judgment was whether Plaintiff adequately allocated damages under the concurrent-causation doctrine — nothing more. *Id.* at 11.

The Court first addresses Defendant's critiques before clarifying why it denied Defendant's Motion for Summary Judgment. The Court then restates the basis for its denial of summary judgment. Finally, the Court admonishes parties to familiarize themselves with relevant developments in Texas insurance law and brief the Court accordingly.

**A. Causation and the Alleged Date of Loss Are at Issue**

Defendant argues it "did not move for summary judgment on the basis that the *date of loss* fell outside its policy period, because both the March 27, 2019 and April 30, 2019 storm dates at issue are within the coverage period of the applicable policy." *Id.* at 5. But Defendant misreads the Court's Opinion.

The Court found "an issue of material fact exists as to whether the March 27, 2019 storm or April 30, 2019 storm *caused functional damage* to Plaintiff's property." ECF No. 63 at 6 (emphasis added); *see also* ECF No. 59 at 5–6 (stating Defendant's experts' post-date-of-loss reports "conclud[e] that there was no functional damage to the metal roofing, and identifying wear and tear, deterioration, and mechanical impacts and/or foot traffic," but noting Plaintiff disagrees). The Court did not focus on *which* storm caused functional damage (recall, Defendant alleged Plaintiff's claims could relate *to either storm*); the Court focused on *whether functional damage*

4

*occurred* during the policy period. *See, e.g.*, ECF No. 47 at 11 (stating Luis Espino of Rimkus Engineering, Defendant's retained engineer, found no functional damage after both alleged dates of loss); ECF No. 59 at 5–6 (stating "Rimkus Engineering did not change its opinions in its second (post-date-of-loss) report, instead similarly reporting no evidence of hail impact to the modified bitumen roofing, concluding that there was no functional damage to the metal roofing . . . . [and] Church Mutual's engineering expert in this litigation, Troy White, reported these same findings."); ECF No. 48-10 at 5 (Espino's report concludes: "No functional damage due to hail impacts occurred to the metal panel roof coverings on the main building and one of the annex buildings. . . . No functional damage due to hail impacts occurred to the granular cap sheet section covering the other annex building. . . . The water intrusion . . . was not caused by storm-related events."); ECF No. 48-16 at 13 (White's report concludes: "Indentions observed . . . caused by hailstone strikes . . . have not resulted in the loss of the ability . . . to shed water and prevent the intrusion of moisture into the building envelope. . . . Significant, concentrated, point-of-impact granule loss, bruises, or breaches caused by hailstone strikes were not observed . . . on the modified bitumen cap sheet . . . . No storm created openings that would allow for moisture intrusion into the building[s] were observed in any building in any building exterior building component.").

The Court cited two lines from parties' briefing to illustrate the dispute. ECF No. 63 at 9; *see also* ECF No. 55 at 21 (Plaintiff states: "At minimum, there are material fact issues as to whether the April 30, 2019 [storm] caused the damage Plaintiff identified as requiring a full roof replacement."); ECF No. 59 at 6 (Defendant states: "[T]his comparison arguably proves a fact issue regarding whether some hail damage occurred on or about April 30, 2019 . . . .").

5

Despite Defendant's assertion to the contrary, the Court did not find the date-of-loss fact issue related to whether Plaintiff's insurance policy covered the storms in question.

Regardless, and to Defendant's criticism, Defendant *itself* acknowledges causation and date-of-loss issues. *See, e.g.*, ECF No. 47 at 22–23 ("As part of Church Mutual's investigation, Rimkus Consulting Group inspected the Property on April 22, 2019 — eight days *prior* to the currently alleged date of loss. Rimkus's report shows that the hail indentions to the metal roofing and HVAC units that Kaszas and Stone rely upon to support their findings were also present during the April 22, 2019 [sic] — again eight days *prior* to the April 30, 2019 storm . . . ." (internal marks omitted)). In fact, Defendant spent five pages detailing how hail damage was present before the April 30, 2019 date of loss. *See id.* at 21–26. Defendant clearly disputed causation and date of loss. As Defendant explained: "[A]lthough Plaintiff's experts conclude unequivocally that the damage is attributable to an April 30, 2019 storm, there is clear evidence that the same conditions relied upon by Plaintiff's experts were present *prior* to the [April 30, 2019] date of loss." *Id.* at 22; *see also, e.g.*, ECF No. 54 at 1 (Plaintiff states its "expert testified all of the damages he identified were caused by the April 30, 2019 storm event").

### B. Whether Plaintiff's Property Suffered Cosmetic Damages Is at Issue

Defendant argues it "did not move for summary judgment" based on the policy's "cosmetic damage endorsement." ECF No. 69 at 11. "This is because that endorsement, which excludes cosmetic damage, is entirely separate and apart from the [p]olicy's exclusion for wear and tear . . . ." *Id.* Defendant criticizes the Court for "focusing on . . . functional versus cosmetic damage" when analyzing concurrent causation. *Id.*

The Court's Opinion uses the term "cosmetic" in seven places. The Court first uses the term when quoting Defendant's reference to the policy's cosmetic-damage exclusion. ECF No. 63

at 2. The second, third, fourth, and fifth references refer to findings of those persons that Defendant sent to inspect Plaintiff's property. *Id.* at 2–3. The sixth reference states Defendant denied Plaintiff's second insurance claim "by relying on policy exclusions for cosmetic damage, wear and tear, deterioration, continuous or repeated seepage or leakage, and faulty workmanship, construction, or maintenance." *Id.* at 3. Finally, the Court used the term "cosmetic" when it stated parties "cannot agree on the extent of hail damage; that is, whether hail caused functional or cosmetic damage." ECF No. 63 at 7.

Defendant again misreads the Court's Opinion. The Court did not hold the "cosmetic damage endorsement" precludes Plaintiff's claims. As discussed, the Court found — and both parties acknowledged — a fact issue exists as to whether Plaintiff's property suffered cosmetic or functional damage. *See* ECF No. 55 at 21; ECF No. 59 at 6; ECF No. 63 at 6. The Court did rely on a cosmetic-damage endorsement.[2]

### C. The Court Cannot Reach the Concurrent-Causation Question

"The doctrine of concurrent causes provides that when covered and non-covered events under an insurance policy combine to create a loss, the insured may only recover the portion of the damage caused by the covered event." *Hosp. Operations v. Amguard Ins. Co.*, No. 1:19-CV-482-MJT, 2021 U.S. Dist. LEXIS 125832, at *12 (E.D. Tex. Apr. 29, 2021); *see also Seahawk Liquidating Tr. v. Certain Underwriters at Lloyds London*, 810 F.3d 986, 994 (5th Cir. 2016) (same); *Wallis v. United Servs. Auto Ass'n*, 2 S.W.3d 300, 303 (Tex. App.—San Antonio 1999, pet. denied) (same). If concurrent causation exists, "the insured must present some evidence affording the jury a reasonable basis on which to allocate the damage." *Lyons v. Millers Cas. Ins.*

---

[2] The Court notes, however, Defendant *itself* implicated the cosmetic-damage endorsement. Defendant "and its experts concluded that the damage was purely cosmetic and accordingly excluded from coverage." ECF No. 47 at 7. Those are Defendant's words — not the Court's.

*Co. of Tex.*, 866 S.W.2d 597, 601 (Tex. 1993). Evidence of damage need not be "overwhelming," and the plaintiff need not "flawlessly segregate" covered losses from non-covered losses. *Fiess v. State Farm Lloyds*, 392 F.3d 802, 808 (5th Cir. 2004).

At summary judgment, Defendant argued the insurance policy does not cover or excludes Plaintiff's claimed damages. *See* ECF No. 47 at 17 ("The Policy expressly excludes damage caused by wear and tear, deterioration, continuous leakage or seepage, or faulty/inadequate construction, maintenance, or repairs."). Defendant also asserted Plaintiff's failure to segregate covered and non-covered damages defeats Plaintiff's breach-of-contract claim. *See id.* at 26–29. Plaintiff argued segregation is unnecessary because all claimed damages are covered losses resulting from covered events. ECF No. 55 at 25–28.

The concurrent-causation doctrine does not apply if all claimed damages are covered losses under the insurance policy. *See Southland Lloyds Ins. Co. v. Cantu*, 399 S.W.3d 558, 576 (Tex. App.—San Antonio 2011, pet. denied) (holding plaintiff need not apportion damage because jury determined covered event caused all itemized damage); *Carter Tool Co. v. United Fire & Cas. Co.*, No. MO:18-CV-163-DC, 2019 WL 7759499, at *4 (W.D. Tex. Nov. 7, 2019) (denying summary judgment and finding fact issue on concurrent causation); *Generation Trade, Inc. v. Ohio Sec. Ins. Co.*, No. 3:18-CV-0434-K, 2019 WL 3716427, at *4 (N.D. Tex. Aug. 6, 2019) (stating insured may defeat concurrent-causation argument by producing "evidence that *all* the claimed loss resulted from a covered event"); *cf. Ironwood Bldg. II, Ltd. v. AXIS Surplus Ins. Co.*, No. SA-19-CV-00368-XR, 2020 WL 1234641, at *4 (W.D. Tex. Mar. 13, 2020) (denying summary judgment and finding "a genuine dispute as to whether there [were] two concurrent or independent causes").[3]

---

[3] In its Opinion, the Court recognized the Fifth Circuit certified a question to the Texas Supreme Court, asking that court to clarify application of the concurrent-causation doctrine. *See* ECF No. 63 at 10 n.4.

This case is like *Labourdette v. State Farm Lloyds*. No. 4:19-CV-2551, 2017 WL 2042974 (S.D. Tex. May 21, 2021). Labourdette's "expert attribute[d] all of the claimed loss to the alleged covered hail event." *Id.* at *5. By contrast, the defendant-insurer argued "all of the claimed loss [was] attributable to wear and tear, which [was] not covered." *Id.* Labourdette had "admissible expert evidence that the damage to his roof was caused by hail." *Id.* at *4. Such evidence "create[d] a disputed fact issue as to the cause of the roof damage, so summary judgment as to the breach of contract claim with respect to roof damage [was] inappropriate." *Id.*

Here, there remains a genuine issue of material fact as to whether all the losses at issue constitute covered losses, some of the losses at issue constitute covered losses, or none of the losses at issue constitute covered losses. Plaintiff's expert "attributes all of the claimed loss to the April 30, 2019 event." ECF No. 55 at 25. Defendant's experts disagree. *See generally* ECF Nos. 48-10, 48-16. Because both parties present competent evidence in support of their arguments, the Court finds a genuine issue of material fact exists. *See Labourdette*, 2021 WL 2042974, at *4 (quoting *Nasti v. State Farm Lloyds*, No. 4:13-CV-1413, 2015 WL 150468, at *4 (S.D. Tex. Jan. 9, 2015)) (determining evidence raised "a genuine dispute as to the extent of covered versus non-covered damage"). Parties previously acknowledged this genuine issue of material fact. *See, e.g.*, ECF No. 55 at 21 (Plaintiff states: "At minimum, there are material fact issues as to whether the April 30, 2019 [storm] caused the damage Plaintiff identified as requiring a full roof replacement."); ECF No. 59 at 6 (Defendant states: "[T]his comparison arguably proves a fact issue regarding whether some hail damage occurred on or about April 30, 2019 . . . . In fact, Church Mutual concedes that there is certainly conflicting factual and expert evidence that, if believed, would be sufficient to defeat summary judgment on these grounds.").

"Because the coverage question remains unsettled, the Court cannot resolve Plaintiff's extracontractual claims." ECF No. 63 at 11; *see also Labourdette*, 2021 WL 2042974, at *4 ("Labourdette does have admissible expert evidence that the damage to his roof was caused by hail. This creates a disputed fact issue as to the cause of the roof damage, so summary judgment as to the breach of contract claim with respect to roof damage is inappropriate."); *Nasti*, 2015 WL 150468, at *4 (denying summary judgment when experts dispute "extent of covered versus non-covered damage"); *Laird v. CMI Lloyds*, 261 S.W.3d 322, 332 (Tex. App.—Texarkana 2008, pet. dism'd w.o.j.) (denying summary judgment when parties' evidence did not clearly establish nature of property damage); *Utica Nat'l Ins. Co. of Tex. v. Am. Indem. Co.*, 141 S.W.3d 198, 204 (Tex. 2004) (noting "without a finding" by "finder of fact," court could not "determine whether this case involves concurrent causes"). It will be for the jury to weigh the evidence and determine which party's expert to believe regarding whether a covered event caused all claimed damages. *Cf. Cantu*, 399 S.W.3d at 576.

### D. The Court Orders Briefing on the Propriety of a Stay

In *Frymire Home Services, Inc. v. Ohio Security Insurance Co.*, the Fifth Circuit certified three questions to the Texas Supreme Court. 12 F.4th 467 (5th Cir. 2021). First, "[w]hether the concurrent cause doctrine applies where there is any non-covered damage, including 'wear and tear' to an insured party, but such damage does not directly cause the particular loss eventually experienced by plaintiffs." *Id.* at 472. Second, "[i]f so, whether plaintiffs alleging that their loss was entirely caused by a single, covered peril bear the burden of attributing losses between that peril and other, non-covered or excluded perils that plaintiffs contend did not cause the particular loss." *Id.* And third, "[i]f so, whether plaintiffs can meet that burden with evidence indicating that

10

the covered peril caused the entirety of the loss (that is, by implicitly attributing one hundred percent of the loss to that peril)." *Id.*

*Frymire* "raise[d] the difficult specter of whether any 'wear and tear' on a roof triggers the 'concurrent cause' scenario in building insurance cases." *Id.* at 471. Troubling consequences may result from an extreme holding: "it would be a rare roof that lacks wear and tear — but such cosmetic 'defects' are rarely the reason for roof damage that causes leaking and holes in the roof." *Id.* Stated differently, "an ugly roof can function until it is hit by a hailstorm." *Id.* So, "[w]ould the hail damage that rendered it nonfunctional be covered in full?" *Id.*

The Fifth Circuit pondered "whether insureds advancing a sole-cause theory nonetheless bear an attribution burden (especially in pre-trial proceedings) when faced with preexisting damage, as well as whether insureds can satisfy any such burden with evidence suggesting that the covered peril caused the entirety of the loss." *Id.* at 471–72.

> The typical concurrent cause case, it seems to us, involves two simultaneous perils — say, water and wind from a hurricane — one of which is covered and one of which is not, rather than a singular covered peril on top of preexisting damage. The doctrine also seems applicable to a situation where the preexisting damage (say, a soggy roof covering) actually did contribute to the current damage (say, without that soggy roof covering, the wind on that day would not have caused the roof to crash). But whether simply saying that the roof was not 100% perfect prior to the storm triggers the "concurrent cause" world is another question entirely.

*Id.* at 471 n.3. The Texas Supreme Court — however — dismissed the case with prejudice pursuant to a settlement agreement before answering the certified questions. *See Frymire Home Servs., Inc. v. Ohio Sec. Ins. Co.*, No. 21-0757 (Tex. Dec. 3, 2021).

Parties failed to brief the ambiguity noted by *Frymire* in their summary-judgment briefing. In fact, parties failed to mention the certified questions or the Texas Supreme Court's dismissal of the questions altogether. The Court saw no reason to stay the case at the time; the Texas Supreme

Court had dismissed *Frymire* before the Court began to grapple with the similar concurrent-causation issues of this case.

At summary judgment, Plaintiff argued segregation is unnecessary because all claimed damages are covered losses resulting from covered causes. *See* ECF No. 55 at 25–28. Defendant disagreed. *See* ECF No. 47 at 26–29. After evaluating *Frymire* and relevant law, the Court concluded it could not decide the concurrent-causation question because a genuine issue of material fact existed as to whether the hailstorms at issue caused all functional damage to Plaintiff's property. That is, whether Plaintiff's property solely suffered covered damage. *See* ECF No. 63 at 9 ("At a minimum, a material fact issue exists regarding whether the policy covers Plaintiff's damages."); *Carter Tool*, 2019 WL 7759499, at *4; *Presswood v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:16-CV-958, 2017 WL 7051074, at *4–5 (E.D. Tex. Aug. 11, 2017); *Laird*, 261 S.W.3d at 332; *Cantu*, 399 S.W.3d at 576.

Parties conceded a genuine issue of material fact barred summary judgment. ECF No. 55 at 21; ECF No. 59 at 6. That conclusion is appropriate. Requiring a plaintiff to segregate non-functional wear-and-tear damages when it attributes 100 percent of a loss to a covered event would *de facto* require segregation in nearly every case. After all, what roof is 100 percent perfect prior to a hailstorm? *See* 12 F.4th at 471 n.3. A court should first evaluate causation before requiring that segregation be shown. In evaluating causation at summary judgment, the court examines the record in the light most favorable to the non-movant. *See Anderson*, 477 U.S. at 255 ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). Summary judgment based on a failure to segregate damages is inappropriate when a plaintiff presents competent evidence indicating a covered event was the sole cause of the loss at issue. *Labourdette*, 2021 WL 2042974, at *5; *Cantu*, 399 S.W.3d at 576.

\* \* \*

Like *Frymire*, parties fail to mention *Overstreet v. Allstate Vehicle and Property Insurance Co.* 34 F.4th 496 (5th Cir. 2022). In *Overstreet*, the Fifth Circuit again noted "questions remain about when the [concurrent-causation] doctrine applies, and what plaintiffs must prove when it does." *Id.* at 498. "[S]ome courts have said that concurrent causation is a question for the jury." *Id.*; *see also, e.g., Utica Nat'l Ins. Co. of Tex.*, 141 S.W.3d at 204; *Cantu*, 399 S.W.3d at 575–76; *State Farm Fire & Cas. Co. v. Rodriguez*, 88 S.W.3d 313, 320–21 (Tex. App.—San Antonio 2002, pet. denied), *abrogated on other grounds by Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co.*, 267 S.W.3d 20 (Tex. 2008). "Others have suggested that if the plaintiff agrees there was any uncovered damage — even just minor wear and tear that did not impair the insured roof's function — the plaintiff must apportion damages." 34 F.4th at 498–99; *see also, e.g., Wallis*, 2 S.W.3d at 304 (affirming trial court's decision overturning jury verdict when jury determined 35 percent of damage resulted from covered cause by plaintiff's expert had contended 100 percent of damage was caused by covered events and did not apportion damages).

*Overstreet* certifies the same questions to the Texas Supreme Court as *Frymire*. 34 F.4th at 499. The Texas Supreme Court accepted the Fifth Circuit's certified questions. *See Overstreet v. Allstate Vehicle & Prop. Ins. Co.*, No. 22-0414 (Tex. May 27, 2022) (accepting certified question). Because the Texas Supreme Court is prepared to answer questions relevant to this case, the Court **ORDERS** parties to separately brief whether this Court should stay proceedings in this case pending guidance from the Texas Supreme Court. Parties must brief the Court, in no more than ten pages, **on or before Friday, July 29, 2022**. Parties may respond to opposing briefing in no more than ten pages, **on or before Friday, August 5, 2022**. The Court admonishes parties to adequately research and remain apprised of relevant developments in the Texas Supreme Court.

CONCLUSION

For these reasons, the Court **GRANTS** the Motion **IN PART** and clarifies the basis for its ruling on Defendant's Motion for Summary Judgment. The Court's clarification does not alter, amend, or change any part of the Court's previous ruling. *See* ECF No. 63. The Court **DENIES** all other requested relief. The Court **ORDERS** parties to file briefing consistent with this Opinion and Order.

**SO ORDERED.**

July 13, 2022

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE